

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| DEAN ALTON HOLCOMB, § | |
| a/k/a Rabbi Dean Alton Holcomb, § | |
| Petitioner, § | |
| § | |
| vs. § | CIVIL ACTION NO. 1:14-3660-MGL-SVH |
| § | |
| JOHN VANDERMOSEN, § | |
| Respondent. § | |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION
AND DISMISSING THE HABEAS PETITION WITHOUT PREJUDICE
AND WITHOUT REQUIRING RESPONDENT TO FILE A RETURN**

This case was filed as a 28 U.S.C. § 2241 action. Petitioner is proceeding pro se. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting that Petitioner's habeas petition be dismissed without prejudice and without requiring Respondent to file a return. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on September 30, 2014, and the Clerk entered Petitioner's objections and exhibits on October 23, 2014. The Court has reviewed the objections, but finds them to be without merit. Therefore, it will enter judgment accordingly.

Petitioner is currently a pretrial detainee who is being held in the Greenville County Detention Center in Greenville, South Carolina. Petition 1. He is charged with "2 COUNTS OF INTIMIDATING COURT OFFICIALS VIA CARTOONS MADE IN NC." *Id*. 2. In his request for relief, Petitioner states that he "WOULD LIKE THIS COURT TO ORDER MY RELEASE ON MY OWN RECOGN[IZ]ANCE AND FOR A PRELIMINARY HEARING AND OR A SPEEDY TRIAL BE HELD BY DECEMBER 1, 2014." *Id*. at 8.

"Pre-trial petitions for habeas corpus 'are properly brought under 28 U.S.C.A. § 2241, which applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him.'" *United States v. Tootle*, 65 F.3d 381, 383 (4th Cir. 1995) (quoting *Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987)). However, as noted by the Magistrate Judge, "[i]n *Younger v. Harris*, 401 U.S. 37 (1971), the Supreme Court held that a federal court should not equitably interfere with state criminal proceedings "except in the most narrow and extraordinary of circumstances." Report 3 (quoting *Gilliam v. Foster*, 75 F.3d 881, 903 (4th Cir. 1996).

"In *Younger* and its progeny, the Supreme Court generally has found abstention appropriate if the following three-pronged test has been met: 1/ there are ongoing state judicial proceedings; 2/ the proceedings implicate important state interests; and 3/ there is an adequate opportunity to raise federal claims in the state proceedings." *Martin Marietta Corp. v. Maryland Comm'n on Human Relations*, 38 F.3d 1392, 1396 (4th Cir. 1994). The Magistrate Judge states that each one of the requisites have been satisfied. From the Court's de novo review of the record, it has reached the same conclusion.

2

As noted above, Petitioner is being detained in the Greenville County Detention Center on two criminal charges.  Thus, the "ongoing state judicial proceedings" element of the test is satisfied.  And, inasmuch as a "States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief," *Kelly v. Robinson*, 479 U.S. 36, 49 (1986), the "state interest" part of the test is also met.  Finally, because Petitioner will be able to pursue his federal claims in his state court proceedings, the "adequate opportunity to raise federal claims" portion of the tripartite test  is fulfilled.  *See Kugler v. Helfant*, 421 U.S. 117, 124 (1975) ("[O]rdinarily a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights.").  Consequently, as stated by the Magistrate Judge, because "Petitioner fails to demonstrate that he has no adequate remedy at law or that he will suffer irreparable injury if denied his requested relief, Petitioner is precluded from federal habeas relief at this time.  Report 4 (citation omitted).  "In addition," as observed by the Magistrate Judge, "Petitioner has failed to demonstrate exhaustion of state remedies in this case."  *Id*.

Petitioner states in his objections that he disagrees with the Magistrate Judge's suggestions that his state proceedings implicate important state interests and that there is an adequate opportunity to raise his federal claims in the state proceedings.  He gives no meritorious bases for his objections, though.  Nevertheless, to the extent Petitioner's disagreements can be viewed as specific objections, they will be overruled.  Petitioner's other objections are also without merit.  In short, Petitioner is unable to demonstrate why this case should not be dismissed under *Younger*.

As to Petitioner's failure to exhaust his administrate remedies, Petitioner asserts in his objections that he has a pending "MOTION MADE BY HIS UNTRUSTWORTHY COURT APPOINTED COUNSEL AT A BOND HEARING ON OCTOBER 10, 2014, FOR A SPEEDY TRIAL TO BE HELD WITHIN 90-120 DAYS AND THE DISCOVERY MOTIONS."  Objections 2.  Thus, by his own admission, he has failed to exhaust his administrative remedies.

After a thorough review of the Report and the record in this case pursuant to the standards set forth above, the Court overrules Petitioner's objections, adopts the Report, and incorporates it herein.  Therefore, it is the judgment of the Court that Petitioner's habeas petition is **DISMISSED WITHOUT PREJUDICE** and without requiring Respondent to file a return.  Thus, Petitioner's request for a hearing is **MOOT**.

An order denying relief in a § 2241 proceeding such as this is not appealable unless a circuit or district judge issues a certificate of appealability.  28 U.S.C. § 2253(c)(1).  A certificate of appealability will issue only upon "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  A petitioner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable.  *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683-84 (4th Cir. 2001).  The Court has reviewed the petition, the record and the applicable case law and concludes that Petitioner has failed to make the requisite showing.  Therefore, to the extent that Petitioner requests a certificate of appealability from this Court, that request is **DENIED**.

**IT IS SO ORDERED**.

Signed this 29th day of October, 2014, in Spartanburg, South Carolina.

s/ Mary G. Lewis
MARY G. LEWIS
UNITED STATES DISTRICT JUDGE

*****
**NOTICE OF RIGHT TO APPEAL**

Petitioner is hereby notified of the right to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.